UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,                                    Case No. 14-cr-65 (PAM/JJK)

Plaintiff,

v.                                                                          **ORDER**

Dusten Lee Barth,

Defendant.

_____

This matter is before the Court on Defendant Dusten Lee Barth's pro se Motion to Correct Sentence. Barth was charged by Indictment with a false-claims conspiracy arising from a false tax-return scheme, and he pleaded guilty to submitting false claims and aggravated identity theft. Barth was serving a Minnesota state prison sentence on a 2013 conviction for Fifth Degree Drug Possession when he was indicted in federal court. This Court sentenced Barth to a term of imprisonment of 65 months, determining that his federal sentence would not become applicable until the expiration of his state sentence.

Barth now argues that his attorney was ineffective by failing to argue for a concurrent sentence. Barth requests that the Court amend his sentence by crediting him for time served between his initial appearance in federal court to the date of the expiration of his state sentence to remedy his attorney's ineffective performance.

To prove ineffective assistance of counsel, a claimant must establish both that his counsel's representation was deficient, and that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). To establish deficiency, the claimant must show that his counsel made errors so serious that he was deprived of

his Sixth Amendment right to counsel. Id. To show prejudice, the claimant must prove that a reasonable probability exists that the result of the proceeding would have been different but for his counsel's errors.  Id. at 694.

In this case, counsel's performance at the guilty plea proceeding and at sentencing was far from ineffective.  Barth claims that his attorney should have sought concurrent sentences, but it is clear that doing so would have been fruitless in this case.  The default rule is that "[m]ultiple terms of imprisonment imposed at different times run consecutively."  18 U.S.C. § 3584(a).  The Court has discretion to decide whether terms will run concurrently.  Id.; see also Elwell v. Fisher, 716 F.3d 477, 482 (8th Cir. 2013). The Sentencing Guidelines apply the same rule to cases like Barth's, where any undischarged term of imprisonment resulting from another offense is separate from the relevant conduct in the federal crime at issue.  U.S. Sentencing Guidelines Manual § 5G1.3(d) (U.S. Sentencing Comm'n 2004).  The objective of imposing a sentence concurrently, partially concurrently, or consecutively under § 5G1.3(d) is to " 'achieve a reasonable incremental punishment for the instant offense and avoid unwarranted disparity.' "  United States v. Mathis, 451 F.3d 939, 941 (8th Cir. 2006) (quoting § 5G1.3, cmt. n.4(A)).  To adhere to this policy, the Court must consider several factors. See Mathis, 451 F.3d at 941-42.  The Court took these factors into account, noting Barth's extensive criminal history and a lack of mitigating circumstances.  See id. at 942 ("When applying the factors under 18 U.S.C. § 3553(a), a district court is not required to recite categorically each statutory factor, as long as it is clear the factors were considered.").  Here, counsel's representation was not deficient.  The Sentencing

2

Guidelines did not require or even prompt the Court to make Barth's sentences concurrent.

Further, counsel's failure to request concurrent sentences was not prejudicial, because such a request would have been denied for the reasons explained above.

Since neither of the Strickland factors have been established, Barth did not receive ineffective assistance of counsel.   Accordingly, **IT IS HEREBY ORDERED** that Barth's Motion to Correct Sentence (Docket No. 60) is **DENIED**.

Dated:  September 18, 2015

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge